ATTACHMENT 3

Operative Complaint

Clerk of the Superior Court
*** Electronically Filed ***
N. Marruffo, Deputy
4/5/2022 1:09:41 PM
Filing ID 14140769

Glenn Hotchkiss (SBN: 012194)
BUCHALTER, A PROFESSIONAL CORPORATION
15279 North Scottsdale Road, Suite 400
Scottsdale, AZ 85254
Telephone: (480) 383-1800
Fax: (480) 824-9400
Email: ghotchkiss@buchalter.com

Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MOTIVATED MINDS, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SMALL BUSINESS ADMINISTRATION, an agency of the United States Government, <br><br> Defendant. | No. **CV2022-051062** <br><br> **VERIFIED COMPLAINT** |

As and for its Complaint, Motivated Minds, LLC ("Plaintiff"), hereby alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Motivated Minds, LLC ("Plaintiff"), is and all material times has been an Arizona limited liability company in good standing that has maintained its principal offices in Maricopa County, Arizona.

2.     Upon information and belief, Defendant, Small Business Administration ("Defendant" or "SBA"), is and at all material times has been an agency of the United States Government.

-1-

3.     This Court has jurisdiction because the acts complained of herein have caused Plaintiff to suffer damages in Maricopa County, Arizona.

4.     Venue is proper in this Court.

**GENERAL ALLEGATIONS**

5.     On or about March 29, 2018, Plaintiff made a loan to M.O.B. Social Club, LLC ("MOB") in the original principal amount of $88,000.00 pursuant to the terms of a Secured Promissory Note dated March 29, 2018 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A.

6.     In conjunction with the Note, Plaintiff and MOB entered into a Security Agreement pursuant to which MOB secured payment and performance on the Note with a continuing first lien security interest in Arizona Liquor License No. 06070281 (the "Liquor License"). A true and correct copy of the Security Agreement is attached hereto as Exhibit B.

7.     Plaintiff perfected its security interest in the Liquor License by filing a Statement of Legal or Equitable Interest with the Arizona Department of Liquor Licenses and Control on or about March 28, 2018. A true and correct copy of the March 2018 Statement of Legal or Equitable Interest is attached hereto as Exhibit C.

8.     In 2019, the Department notified Plaintiff's counsel that it could not find Plaintiff's Statement of Legal or Equitable Interest filed in March 2018.

9.     Accordingly, Plaintiff refiled its Statement of Legal or Equitable Interest with the Department on March 1, 2019. The March 2019 Statement of Legal or Equitable Interest is attached hereto as Exhibit D.

10.     After MOB defaulted on the Note, Plaintiff brought suit against MOB and others in that action styled <u>Motivated Minds, LLC v. M.O.B. Social Club, LLC</u>, <u>et</u> <u>al.</u>, Maricopa County Superior Court Case No. CV2019-055061 (the "Litigation").

11.     After MOB failed to appear and defend the Litigation, on June 2, 2020, a Default Judgment was entered in favor Plaintiff. A true and correct copy of the Default Judgment is attached hereto as Exhibit E.

12.     In the Default Judgment, the Superior Court entered an Order that Plaintiff "is entitled to immediate possession of Arizona Liquor License No. 06070281" and that Plaintiff "is, and was at the time of the filing of this Complaint and Application, entitled to immediate possession of the Liquor License and that Plaintiff has further entitled to sell or otherwise dispose of the Liquor License and apply the proceeds of any such disposition to the indebtedness due and owing by Defendants to Plaintiff."

13.     By virtue of the Default Judgment, Plaintiff is the current owner of the Liquor License.

14.     After entry of the Default Judgment, Plaintiff retained Arizona Liquor Industry Consultants ("ALIC") to sell the Liquor License.

15.     In the course of marketing the Liquor License for sale, ALIC discovered that the SBA had filed a lien against MOB's property, including the Liquor License.

16.     The UCC-1 Financing Statement filed by the SBA with the Arizona Secretary of State on or about August 6, 2020 identifies the collateral as:

> All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes, (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code.  The security interest Borrower grants, includes all accessories, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto.

A true and correct copy of the SBA UCC-1 Financing Statement is attached hereto as Exhibit F.

17.     Due to the filing of the SBA Lien, ALIC was not able to sell the Liquor License.

-3-

18.     After discovering the SBA Lien, ALIC tried to work with the SBA for several months to remove the SBA Lien without success.

19.     In a letter dated December 15, 2021 to the SBA, Plaintiff's counsel made demand on the SBA for removal of the SBA Lien within 30 days so as to permit Plaintiff to sell the Liquor License (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit G.

20.     In the Demand Letter, Plaintiff, through counsel, advised the SBA that "Time is of the essence because of the presence of the SBA Lien is preventing Motivated Minds from selling the License and applying the proceeds of the sale against the amounts due on its loan to MOB."

21.     In the Demand Letter, Plaintiff warned the SBA that if the matter was not satisfactorily resolved within 30 days, Plaintiff reserved the right to file suit to compel the release of the SBA Lien without further notice.

22.     Defendant has failed to respond to the Demand Letter.

## COUNT ONE

### (Declaratory Relief)

23.     Plaintiff hereby incorporates by reference the preceding 22 Paragraphs of its Complaint as though fully set forth herein.

24.     Pursuant to A.R.S. § 12-1831, this Court has the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.

25.     Pursuant to A.R.S. § 12-1831, the declaratory relief may be either affirmative or negative in form and effect and shall have the force and effect of a final judgment or decree.

26.     Pursuant to A.R.S. § 12-1832, any person interested under a deed, will, written contract or other writing constituting a contract, or the rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction of validity arising under the instrument, statute,

-4-

ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

27.     Pursuant A.R.S. §§ 12-1831-32, Plaintiff is entitled to a declaration that Plaintiff's first lien security interest to the Liquor License is superior to the SBA Lien.

28.     Pursuant to Rule 55(b)(1), <u>Ariz.R.Civ.P.</u>, in the event of judgment by default, Plaintiff requests an award of its reasonable attorneys' fees and costs incurred herein in an amount not less than Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00).

**WHEREFORE**, Plaintiff, Motivated Minds, LLC, requests judgment against Defendant, Small Business Administration, as follows:

(A)     A Declaratory Judgment declaring that Plaintiff's first lien security interest in the Liquor License is superior to the SBA Lien;

(B)     An award of attorneys' fees and costs to the fullest extent permitted by applicable Arizona law; and

(C)     Such other and further relief as the Court deems just and proper.

## COUNT TWO
### (Injunctive Relief)

29.     Plaintiff hereby incorporates by reference the preceding 28 Paragraphs of its Complaint as though fully set forth herein.

30.     Pursuant to A.R.S. § 12-1801, this Court is authorized to grant injunctive relief when the applicant is entitled to the relief demanded and relief is required to restrain a prejudicial act.

31.     Plaintiff is entitled to injunctive relief in the form of a mandatory injunction compelling Defendant to file a UCC-3 Termination Statement terminating the SBA Lien as to the Liquor License so as to permit Plaintiff to sell the Liquor License.

BN 69424729v1

32.     Pursuant to Rule 55(b)(1), Ariz.R.Civ.P., in the event of judgment by default, Plaintiff requests an award of its reasonable attorneys' fees and costs incurred herein in an amount not less than Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00).

**WHEREFORE**, Plaintiff, Motivated Minds, LLC, requests judgment against Defendant, Small Business Administration, as follows:

(A)     A Mandatory Injunction compelling Defendant to file a UCC-3 Termination Statement with the Arizona Secretary of State's office terminating the SBA Lien as to the Liquor License;

(B)     An award of attorneys' fees and costs to the fullest extent permitted by applicable Arizona law; and

(C)     Such other and further relief as the Court deems just and proper.

**DATED** this 5th day of April, 2022

**BUCHALTER, A PROFESSIONAL CORPORATION**

By:   Glenn B. Hotchkiss
      Glenn B. Hotchkiss
      Attorneys for Plaintiff

ORIGINAL of the foregoing filed
this 5th day of April, 2022, with:

Clerk of the Court
MARICOPA COUNTY SUPERIOR COURT
201 West Jefferson St.
Phoenix, AZ  85003-2243

By:   Irene Hogan
      Irene Hogan

-6-

BN 69424729v1

## VERIFICATION

I, Ira J. Gaines, am the manager of Motivated Minds, LLC, the Plaintiff herein. I have read the foregoing Complaint, and to the best of my knowledge and belief, the statements contained therein are true and correct.

Ira J. Gaines, Manager

# *Exhibit A*

## SECURED PROMISSORY NOTE

DATE:          March 29, 2018

MAKER:         M.O.B. Social Club, LLC
               40 N. 1st Street, Third Floor
               Phoenix, AZ 85004

PAYEE:         Motivated Minds, LLC
               7000 N. 16th Street, Suite 120, #503
               Phoenix, Arizona 85020-5547

PRINCIPAL
AMOUNT
OF NOTE:       $88,000.00

**FOR VALUE RECEIVED,** Maker promises and agrees to pay to Payee at the mailing address of Payee, or at such other place as Payee or any other holder hereof (collectively, the "Holder") may from time to time designate, the principal sum of Eighty-Eight Thousand Dollars and Zero Cents ($88,000.00) with interest, as follows:

1. **Interest Rate/Payments.** Commencing on March 29, 2018 and continuing for so long as any portion of the principal amount of this Note is outstanding, the unpaid principal due under this Note shall accrue fixed interest at a rate of Six Thousand One Hundred Dollars and Zero Cents ($6,100.00) per month. Commencing on April 29, 2018 and continuing on the 29th day of each month thereafter through the Maturity Date, Maker shall make an interest only payment in the amount of Six Thousand One Hundred Dollars and Zero Cents ($6,100.00). Maker shall pay the $88,000.00 principal amount of this Note plus any other accrued but unpaid interest, on the Maturity Date. Maker has the right to prepay any or all of the outstanding unpaid principal and accrued interest due under the Note at any time without penalty, but must pay a minimum of two monthly $6,100.00 interest payments.

2. **Maturity Date/Additional Compensation Due at Maturity.** The Note shall mature and all unpaid principal together with any accrued but unpaid interest shall become due and payable in full on March 29, 2019 (the "Maturity Date").

3. **Legal Limits.**

   (a)     Maker agrees to an effective rate of interest which is the rate stated herein plus any additional rate of interest resulting from any other payments in the nature of interest, including without limitation, any fees or other charges to the extent that such charges may be deemed includable in interest for any purpose.

   (b)     All agreements between Maker and Payee are hereby expressly limited so that in no event whatsoever, whether by reason of deferment in accordance with this Note or under any agreement or by virtue of acceleration of maturity of the obligation evidenced by this Note, or otherwise, shall the amount paid or agreed to be paid to Payee for the advance, use, forbearance or detention of the money represented by this Note or to compensate Payee for damages to be suffered by reason of a late payment or default under this Note, exceed the maximum permissible under applicable

law. If, from any circumstances whatsoever, fulfillment of any provision of this Note, or of any provision in the security for this Note at the time performance of such provision shall be due, shall involve exceeding the limit of validity prescribed by law, from the date of this Note, the obligations to be fulfilled shall be reduced to the limit of such validity. This provision shall never be superseded or waived and shall control every other provision of all agreements between Maker and Payee.

        (c)    Maker represents and acknowledges that this is a business loan and will be utilized for business purposes.

    **4.  Late Charge**.  In the event that Maker fails to make any payment of principal and/or interest within ten (10) calendar days of the due date for the same, then in addition to such payment due, Maker shall be obligated to pay a late payment charge to Payee in the amount of five percent (5%) of the delinquent principal and/or interest payment (the "Late Charge").

    **5.  Form of Payments**.  Principal and interest shall be payable in lawful money of the United States of America in immediately available funds.

    **6.  Events of Default and Remedies**.

        (a)    The existence or occurrence of the following events shall constitute an event of default ("Event of Default") under this Note: (i) the failure by Maker to make any payment of principal, interest, or any other cost or expense due under this Note in accordance with the terms of this Note; (ii) the occurrence of any default under the Security Agreement and/or the Unconditional Guarantee of even date herewith; (iii) the occurrence of any default under any other loan agreements or promissory notes to which Maker is a party, (iv) the filing of bankruptcy or assignment for the benefit of creditors by Maker; or (v) if any representation or warranty made by Maker to Payee is materially false or misleading.

        (b)    Upon the occurrence of any Event of Default:  (i) the entire unpaid principal balance, any unpaid accrued interest, and any other amounts owing under this Note shall, at the option of the Holder and without further notice or demand of any kind to Maker or any other person, immediately become due and payable; and (ii) the Holder shall have and may exercise any and all rights and remedies available at law or in equity and any and all rights and remedies provided in any security for this Note under the terms of the loan agreement, security agreement or other loan documents executed in connection herewith.

        (c)    The remedies of the Holder, as provided in this Note and in any security for this Note, shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of the Holder, and may be exercised as often as occasion therefor shall arise.  No act of omission or commission of the Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of any right, remedy or recourse, such waiver or release to be effected only through a written document executed by the Holder.  A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to a subsequent event.

**7. Attorneys' Fees in the Event of Collection.** In the Event of Default under this Note or in the event the Holder seeks legal advice in order to enforce the provisions of this Note after an Event of Default, Maker agrees to pay Holder's reasonable attorneys' fees. If any action is brought to enforce or interpret the provisions of this Note, the prevailing party shall be entitled to an award of its reasonable attorneys' fees.

**8. Governing Law, Jurisdiction and Severability.** This Note is made pursuant to and shall be construed, governed and enforced under the laws of the State of Arizona without regard to any conflict of law provisions. Exclusive jurisdiction and venue over any legal action brought by any of the parties hereto relating in any way to the terms of this Note and/or the related Security Agreement of even date herewith shall reside in the state and federal courts located in Maricopa County, Arizona, and Maker hereby consents to such exclusive jurisdiction and venue. If any provision of this Note or any security for this Note is construed or interpreted by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note or any security for this Note.

**9. Time of Essence.** Time is of the essence regarding Maker's obligation with respect to this Note.

**10. Payment Without Offset.** Principal and accrued interest shall be paid without deduction or offset.

**11. Calendar Days.** Unless otherwise provided in this Note to the contrary, calendar days, and not business days, shall be used in calculating any time periods set forth in this Note.

**12. Notices.** Any notices which any party may be required, or may desire, to give, unless otherwise specified, shall be in writing and shall be (a) hand-delivered, effective upon receipt, (b) transmitted by telecopier, effective upon receipt, with the original mailed the same date by first class mail, postage prepaid, (c) sent by United States Express Mail or by private overnight courier, effective upon receipt, or (d) served by certified mail, postage prepaid, return receipt requested and addressed to such party at the addresses set forth above, or to such other address(es) or addressee(s) as the party to be served with  notice may have furnished in writing to the other party, effective three (3) days after mailing.

**13. Assignment.** Payee or any other Holder of this Note may assign all or a portion of its rights, title and interest in this Note and security to any person, firm, corporation or other entity without the consent of Maker.

**14. Relationship.** The relationship of the parties hereto is that of borrower and lender and it is expressly understood and agreed that nothing contained in this Note or in any security for this Note shall be interpreted or construed to make Maker and Payee partners, joint venturers or participants in any other legal relationship except that of borrower and lender. Maker represents that this is a business loan, not a loan for personal or household purposes and that all of the proceeds of the loan shall be used exclusively for business purposes.

**15. Waiver.** Except as otherwise expressly provided to the contrary in this Note, or other loan documents relating to this Note, Maker for itself and for its successors,

3

transferees and assigns and all guarantors, endorsers and signers, hereby waives all valuation and appraisement privileges, presentment and demand for payment, protest, notice of protest and nonpayment, dishonor and notice of dishonor, bringing of suit, lack of diligence or delays in collection or enforcement of this Note and notice of the intention to accelerate, the release of any party liable, the release of any security for this Note, the taking of any additional security and any other indulgence or forbearance.  Maker agrees that this Note and any or all payments coming due hereunder may be extended or renewed from time to time without in any way affecting or diminishing Maker's liability under this Note.  The acceptance by Holder of a partial amount of a payment due from Maker to Holder under this Note shall not constitute a waiver of the requirement of Maker to make a full payment to Holder, and shall not constitute a waiver by Holder of the time of the essence provision of this Note.

**16. Headings.**  The subject headings of the paragraphs of this Note are included for purposes of convenience only, and shall not affect the construction or interpretation of any of its provisions.

**17. Security.**  As security for the loan represented by this Note, Maker agrees that the Security Agreement of even date herewith shall remain in full force and effect, and shall secure repayment of the loan evidenced by this Note, until such time as the loan is repaid in full.

**18. Payment of Lender's Attorneys' Fees.**  Maker hereby agrees to pay Payee's legal fees incurred in connection with the drafting and negotiation of this Note and the related loan documents not to exceed $1,500.00, with such fees to be deducted from the loan proceeds prior to disbursement and remitted directly by Lender to Lender's counsel, Glenn B. Hotchkiss, Esq.

**19. Entire Agreement.**  This Note and the related Security Agreement and Unconditional Guarantee of even date herewith, and the documents and papers executed in accordance therewith, constitute the entire transaction between the parties hereto, and there have been no representations, warranties, covenants, or conditions except those specified in such documents and in the documents and papers executed in accordance therewith.

**20. Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which, when taken together, shall constitute one and the same instrument.

**21. Successors and Assigns.**  This Agreement shall bind and inure to the benefit of the parties hereto and their respective successors, and assigns, except as otherwise expressly provided herein.

**22. Lifetime Membership in M.O.B. Social Club.**  Ira J. Gaines shall have a lifetime membership in M.O.B. Social Club without cost to him.

4

IN WITNESS WHEREOF, Maker has duly executed this Note as of the day and year first above written.

M.O.B. Social Club, LLC

By: _____
Nathan Atchison, Manager

*Exhibit B*

## SECURITY AGREEMENT

This Security Agreement (the "Agreement") is made as of the 29th day of March, 2018 (the "Effective Date"), by and between Motivated Minds, LLC with an address of 7000 N. 16th Street, Suite 120, #503, Phoenix, Arizona 85020-5547 ("Lender"), and M.O.B. Social Club, LLC, an Arizona limited liability company, with an address of 40 N. 1st Street, Third Floor, Phoenix, AZ 85004 (Grantor")

## RECITALS

A. Lender has agreed to loan the sum of Eighty-Eight Thousand Dollars and Zero Cents ($88,000.00) to Grantor, as evidenced by that certain Secured Promissory Note of even date herewith (the "Note").

B. In order to secure Grantor's performance under the terms of the Note, Grantor has agreed to grant Lender a first lien position security interest in the collateral described herein.

**NOW, THEREFORE,** in consideration of the mutual promises, covenants, and agreements set forth in this Agreement, Lender and Grantor agree as follows:

1. **Recitals.** The recitals set forth above are a material part of this Agreement and are incorporated by reference herein.

2. **Deliveries of Grantor.** Grantor shall execute and deliver to Lender's counsel, Glenn B. Hotchkiss, Esq.: (a) the Note; (b) this Agreement; and (c) the Unconditional Guarantee of even date herewith. In addition, Grantor shall deliver to Lender any documents reasonably required by Lender, including but not limited to National UCC financing statements, to evidence and perfect the security interest granted in the Collateral.

3. **Lender's Security Interest.** To secure the payment and performance of the Note, Grantor hereby grants and transfers to Lender a continuing first lien security interest in Arizona Liquor License No. 06070281.

Grantor agrees to execute from time to time such documents as Lender may reasonably require evidencing and perfecting and continuing the perfection of such security interest in the Collateral. Grantor hereby designates and appoints Lender as its attorney in fact with full power of substitution to act in its name, place, and stead for the purpose of executing on its behalf any National UCC financing statements or continuation thereof necessary to evidence, perfect, or continue the perfection of the security interest therein granted in the Collateral to Lender. Grantor hereby authorizes the Lender, and appoints the Lender as its attorney-in-fact, to execute and file or record, if necessary, any financing statement, instrument, document, notice or agreement on its behalf to perfect or continue the security interests created hereby. This power, being coupled with an interest, shall be irrevocable until all amounts secured hereby have been paid, satisfied and discharged in full.

MM0009

4.     **Events of Default**.  The following events shall be deemed events of default (an "Event of Default") under the terms of this Agreement:

(a)     Default by Grantor in the payment or performance of any of the installments to be paid pursuant to the Note;

(b)     Default by Grantor in the performance of any of its obligations under the terms of this Agreement.

5.     **Remedies Upon Default**.  If Grantor defaults on any undertakings set forth in the Note or this Agreement, and the default is not cured as provided in the respective document, then the entire unpaid principal and accrued and unpaid interest thereon shall thereby become due and payable, and if the accelerated balance is not paid in full within any applicable cure period, Lender shall have the right to:  (a) immediately seize or demand the turnover of the Collateral, sell the same, and offset the proceeds of sale against any and all amounts then due under the Note, including unpaid principal, accrued interest, and incurred attorneys' fees and costs, and shall thereafter remit any excess proceeds of sale to Grantor.

6.     **Restrictions on Grantor's Rights.**   Until such time as the Note shall have been paid in full, Grantor shall not pledge, sell, hypothecate, encumber or otherwise assign its interest in the Collateral.   Grantor further agrees that it will not consent to the taking of any action that would materially impair the value of the Collateral without the prior written consent of the Lender, which consent shall not be unreasonably withheld or delayed.

7.     **Termination.**   Upon the satisfaction in full of all of Grantor's obligations under the Note, this Agreement (and the security interest created hereby) shall terminate and all rights to the Collateral shall revert to Grantor.  Lender shall return to Grantor such of the Collateral as shall not have been sold or otherwise disposed of or applied pursuant to the terms hereof.

8.     **Further Actions.**   The parties hereto shall execute such documents and take such actions as may be reasonably requested by the other parties to carry out the provisions and purposes of this Agreement.

9.     **Entire Agreement.**   This Agreement, the Note, and the Unconditional Guarantee of even date herewith, and any documents and papers executed in accordance therewith, constitute the entire transaction between the parties hereto, and there have been no representations, warranties, covenants, or conditions except those specified in such agreements and in the documents and papers executed in accordance therewith.

10.     **Attorneys' Fees.**   In the Event of Default under this Agreement or in the event Lender seeks legal advice in order to enforce the provisions of the Note after an Event of Default, Grantor agrees to pay Lender's reasonable attorneys' fees.  If any action is brought to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to an award of its reasonable attorneys' fees.

11.     **Governing Law, Jurisdiction and Severability**.   This Agreement is made pursuant to and shall be construed, governed and enforced under the laws of the

MM0010

State of Arizona without regard to any conflict of law provisions. Exclusive jurisdiction and venue over any legal action brought by any of the parties hereto relating in any way to the terms of this Agreement and/or the Note of even date herewith shall reside in the state and federal courts located in Maricopa County, Arizona, and all parties hereby consent to such exclusive jurisdiction and venue.

     12.    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which, when taken together, shall constitute one and the same instrument.

     13.    Headings. The subject headings of the paragraphs of this Agreement are included for purposes of convenience only, and shall not affect the construction or interpretation of any of its provisions.

     14.    Successors and Assigns. This Agreement shall bind and inure to the benefit of the parties hereto and their respective successors, and assigns, except as otherwise expressly provided herein.

     15.    Notices. Any notices which any party may be required, or may desire, to give, unless otherwise specified, shall be in writing and shall be (a) hand-delivered, effective upon receipt, (b) transmitted by telecopier, effective upon receipt, with the original mailed the same date by first class mail, postage prepaid, (c) sent by United States Express Mail or by private overnight courier, effective upon receipt, or (d) served by certified mail, postage prepaid, return receipt requested and addressed to such party at the addresses set forth in the Note, or to such other address(es) or addressee(s) as the party to be served with notice may have furnished in writing to the other party, effective three (3) days after mailing.

     16.    Assignment. Lender may assign all or a portion of its right, title and interest in this Agreement to any person, firm, corporation or other entity without the consent of Grantor.

     17.    Relationship. The relationship of Lender and Grantor is that of pledgor and pledgee and it is expressly understood and agreed that nothing contained in this Agreement shall be interpreted or construed to make Lender and Grantor partners, joint venturers or participants in any other legal relationship except that of pledgor and pledgee.

     18.    Waiver. Except as otherwise expressly provided to the contrary in this Agreement or the other loan documents relating to this Agreement, Grantor, for itself and for its successors, transferees and assigns and all guarantors, endorsers and signers, hereby waives all valuation and appraisement privileges, presentment and demand for payment, protest, notice of protest and nonpayment, dishonor and notice of dishonor, bringing of suit, lack of diligence or delays in collection or enforcement of this Agreement and notice of the intention to accelerate, the release of any party liable, the release of any security for the Note, the taking of any additional security and any other indulgence or forbearance. Grantor agrees that the Note and any or all payments coming due thereunder may be extended or renewed from time to time without in any way affecting or diminishing Grantor's liability under this Agreement. The acceptance by Lender of a partial amount of a payment due from Grantor to Lender under the Note shall not

MM0011

constitute a waiver of the requirement of Grantor to perform all of its obligations under this Agreement.

19. <u>Capacity to Execute</u>. By affixing their signatures hereto, each person represents and warrants that he or she has the capacity to execute this Agreement on behalf of each of the parties hereto, and that execution of this Agreement does not breach any existing contract, agreement, promissory note, or other obligation of the party on whose behalf such person is executing this Agreement.

20. <u>Construction</u>. As used in this Agreement, the masculine, feminine or neuter gender and the singular or plural numbers shall each be deemed to include the other whenever the context so requires. This Agreement shall be construed as a whole and in accordance with its fair meaning and without regard to any presumption or other rule requiring construction against the party causing this Agreement or any part of this Agreement to be drafted. The parties acknowledge that each party has reviewed this Agreement and has had the opportunity to have it reviewed by legal counsel. If any words or phrases in this Agreement are judicially stricken or otherwise eliminated, whether or not other words or phrases have been added, this Agreement shall be construed as if the words or phrases stricken or otherwise eliminated were never included in this Agreement, and no implication or inference will be drawn from the fact that the words or phrases were stricken or otherwise eliminated.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

MOTIVATED MINDS, LLC

Ira J. Gaines, Manager

M.O.B. SOCIAL CLUB, LLC

By: 
Nathan Atchison, Manager

MM0012

*Exhibit C*



**Arizona Department of Liquor Licenses and Control**
**800 W Washington 5th Floor**
**Phoenix, AZ  85007-2934**
**www.azliquor.gov**
**(602) 542-5141**

---

| STATEMENT OF LEGAL OR EQUITABLE INTEREST |
| --- |

**NOTE:** This document must be signed by both the licensee and the interest holder. Filing this form with the License and Control does not create a lien. This form is for notification purposes only.

Information provided on this form is *NOT* to be relied upon for determining the ownership of a license.  This form's purpose is only to give the Arizona Department of Liquor notice of interests, and to entitle the interest holder to certain notices regarding Arizona Department of Liquor disciplinary actions.

**INTEREST HOLDER DATA:**

Interest Holder's Name: **Motivated Minds, LLC**

| Last | First | Middle |
| --- | --- | --- |

Mailing Address: **7000 North 16th Street, Suite 120 #503**    **Phoenix**    **AZ**    **85020**

| Street | City | State | Zip |
| --- | --- | --- | --- |

Business Phone: **602-870-8862** Daytime Contact Number: **602-870-8862**

Email Address: **ijgaines@aol.com**

The licensee or prospective licensee, hereby grants to the above named interest holder, a legal and/or equitable interest in the designated spirituous liquor license, pursuant to and in accordance with that certain **Security Agreement**,

(Describe document that generated this interest, i.e. security agreement, etc.)

hereinafter called Collateral Agreement, between the licensee and the interest holder, said is dated: **03 / 29 / 18** and which

Collateral  is incorporated herein by reference. An executed copy of the Collateral Agreement will be located and

available for inspection and reproduction at: **1819 E. Morten Avenue, Suite 180, Phoenix, Arizona 85020**

(Insert business name and address where Collateral Agreement is located)

This statement is filed in accordance with A.R.S. §4-112.B(3) and A.A.C. R19-1-407. The statement of legal or equitable interest shall allow the person filing said statement to participate in the proceedings and shall not in any manner bind the Director or the State Liquor Board concerning the matter under consideration. The parties acknowledge and agree that all notices will be made with the parties at the addresses shown herein above, unless same are changed in writing and delivered to the Department of Liquor Licenses and Control.

**NOTARY**

I, ~~David Wreden~~ **SUE McCLUSKEY** , have read this document and the contents and all statements are true,

Print Name        correct and complete.

X _____
(Controlling Person/Existing Agent)

State of **ARIZONA** County of **MARICOPA**
The foregoing instrument was acknowledged before me this

My commission expires on: **5/24/2021**        **28TH** of **MARCH** , **2018**

Day        Month        Year

SUE MCCLUSKEY
Notary Public – Arizona
Maricopa County
My Comm. Expires May 24, 2021

_Sue M Cluskey_
Signature of NOTARY PUBLIC

**LICENSEE DATA:**

Licensee/Applicant's Name: __Atchison__          __Nathan__
(Exactly as it appears on the license/application) Last        First                    Middle

Owner Name: __M.O.B. Social Club, LLC__
(Corporation, LLC, Partnership, etc.)

Mailing Address: 40 N. 1st Street, Third Floor, Phoenix, Arizona 85004

Location Address: __40 N. 1st Street, Phoenix, Arizona 85004__
(Exactly as it appears on the license)

License Number: 06070281                Phone Number: 760-668-7409

---

**NOTARY**

I, _Nathan Atchison_ , have read this document and the contents and all statements are true, correct and complete.

X _____
(Controlling Person/Existing Agent)

My commission expires on: 01/29/2019

State of _Arizona_ County of _Maricopa_
The foregoing instrument was acknowledged before me this

_28th_ of _March_ , _2018_
Day        Month        Year

_____
Signature of NOTARY PUBLIC

> JACOB HINZ
> NOTARY PUBLIC - ARIZONA
> MARICOPA COUNTY
> My Commission Expires
> January 29, 2019

---

**A.A.C. R-19-1-407**

**FILING OF LEGAL OR EQUITABLE INTEREST**

A.  In accordance with A.R.S. Section 4-112.B.3, all persons having a legal or equitable interest in a spirituous liquor license shall file with the director a statement of such interest on a form prescribed and furnished by the department. Notice of termination of such interest shall be filed in writing by the interest holder upon final determination of the interest. Interest holders shall immediately file amended statements to reflect any change in the current statements presently on file.

B.  The director may periodically, by notice to the holders of interests filed under this rule and under A.R.S. Section 4-112.B.3, require such interest holders to verify in writing to the director that the statement presently on file is currently correct and accurate and, if not, such interest holder shall immediately file an amended statement or termination notice. If no response is received by the director within thirty (30) days of the mailing of such notice, the interest shall be deemed terminated.

C.  All persons having filed statements of interest in accordance with this rule and the statute shall be given notice of all matters and/or actions affecting or regarding the spirituous liquor license in which they have an interest.

D.  Notice as required in C above shall be fully effective by mailing a copy thereof by registered or certified mail in a sealed envelope with postage prepaid and addressed to such person at his address shown by the statement on file with the director. Service of such notice shall be complete when deposited in the U.S. Mail.

E.  All interest holders who are entitled to receive notice as provided for herein above shall have the right to appear and participate in person and through counsel in any hearing held before the board or director affecting the subject spirituous liquor license as his interests may appear.

F.  The statement of legal or equitable interest shall allow the person filing said statement to participate in the proceedings and shall not in any manner bind the director or the State Liquor Board concerning the matter under consideration.

*Exhibit D*



**Arizona Department of Liquor Licenses and Control**
800 W Washington 5th Floor
Phoenix, AZ 85007-2934
www.azliquor.gov
(602) 542-5141

STATEMENT OF LEGAL OR EQUITABLE INTEREST

**NOTE:** This document must be signed by both the licensee and the interest holder. Filing this form with the License and Control does not create a lien. This form is for notification purposes only.

Information provided on this form is NOT to be relied upon for determining the ownership of a license. This form's purpose is only to give the Arizona Department of Liquor notice of interests, and to entitle the interest holder to certain notices regarding Arizona Department of Liquor disciplinary actions.

## INTEREST HOLDER DATA:

Interest Holder's Name: __Motivated Minds, LLC__
                     Last                        First                   Middle

Mailing Address: __7000 North 16th Street, Suite 120 #503__    __Phoenix__    __AZ__    __85020__
                          Street                      City           State        Zip

Business Phone: __602-870-8862__      Daytime Contact Number: __602-870-8862__

Email Address: __ljgaines@aol.com__

The licensee or prospective licensee, hereby grants to the above named interest holder, a legal and/or equitable interest in the designated spirituous liquor license, pursuant to and in accordance with that certain __Security Agreement__
                                                     (Describe document that generated this interest, i.e. security agreement, etc.)
hereinafter called Collateral Agreement, between the licensee and the interest holder, said is dated: __03__/__29__/__18__ and which Collateral is incorporated herein by reference. An executed copy of the Collateral Agreement will be located and available for inspection and reproduction at: __1819 E. Morten Avenue, Suite 180, Phoenix, Arizona 85020__
                                       (Insert business name and address where Collateral Agreement is located)

This statement is filed in accordance with A.R.S. §4-112.B(3) and A.A.C. R19-1-407. The statement of legal or equitable interest shall allow the person filing said statement to participate in the proceedings and shall not in any manner bind the Director or the State Liquor Board concerning the matter under consideration. The parties acknowledge and agree that all notices will be made with the parties at the addresses shown herein above, unless same are changed in writing and delivered to the Department of Liquor Licenses and Control.

---

**NOTARY**

I, __SUE MCCLUSKEY__, have read this document and the contents and all statements are true,
         Print Name             correct and complete.

X _____      State of __ARIZONA__ County of __MARICOPA__
  (Controlling Person/Existing Agent)           The foregoing instrument was acknowledged before me this

My commission expires on: __5/24/2021__      __28TH__ of __MARCH__, __2018__
                                          Day         Month        Year

SUE MCCLUSKEY
Notary Public - Arizona
Maricopa County
My Comm. Expires May 24, 2021

                                       Signature of NOTARY PUBLIC

---

**LICENSEE DATA:**

Licensee/Applicant's Name: **Atchison**            **Nathan**
(Exactly as it appears on the license/application)   Last                    First                         Middle

Owner Name: M.O.B. Social Club, LLC
(Corporation, LLC, Partnership, etc.)

Mailing Address: 40 N. 1st Street, Third Floor, Phoenix, Arizona 85004

Location Address: 40 N. 1st Street, Phoenix, Arizona 85004
(Exactly as it appears on the license)

License Number: 06070281                    Phone Number: 760-668-7409

---

**NOTARY**

I, *Nathan Atchison*, have read this document and the contents and all statements are true, correct and complete.

X _____
(Controlling Person/Existing Agent)

My commission expires on: 01/29/2019

State of Arizona County of Maricopa
The foregoing instrument was acknowledged before me this

28th of March, 2018
Day        Month        Year

_____
Signature of NOTARY PUBLIC

JACOB HINZ
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
January 29, 2019

---

### A.A.C. R-19-1-407

### FILING OF LEGAL OR EQUITABLE INTEREST

A.   In accordance with A.R.S. Section 4-112.B.3, all persons having a legal or equitable interest in a spirituous liquor license shall file with the director a statement of such interest on a form prescribed and furnished by the department. Notice of termination of such interest shall be filed in writing by the interest holder upon final determination of the interest. Interest holders shall immediately file amended statements to reflect any change in the current statements presently on file.

B.   The director may periodically, by notice to the holders of interests filed under this rule and under A.R.S. Section 4-112.B.3, require such interest holders to verify in writing to the director that the statement presently on file is currently correct and accurate and, if not, such interest holder shall immediately file an amended statement or termination notice. If no response is received by the director within thirty (30) days of the mailing of such notice, the interest shall be deemed terminated.

C.   All persons having filed statements of interest in accordance with this rule and the statute shall be given notice of all matters and/or actions affecting or regarding the spirituous liquor license in which they have an interest.

D.   Notice as required in C above shall be fully effective by mailing a copy thereof by registered or certified mail in a sealed envelope with postage prepaid and addressed to such person at his address shown by the statement on file with the director. Service of such notice shall be complete when deposited in the U.S. Mail.

E.   All interest holders who are entitled to receive notice as provided for herein above shall have the right to appear and participate in person and through counsel in any hearing held before the board or director affecting the subject spirituous liquor license as his interests may appear.

F.   The statement of legal or equitable interest shall allow the person filing said statement to participate in the proceedings and shall not in any manner bind the director or the State Liquor Board concerning the matter under consideration.

*Exhibit E*

Granted as Submitted
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
A. Wood, Deputy
6/2/2020 8:00:00 AM
Filing ID 11687609

1   Glenn B. Hotchkiss (SBN:  012194)
    **BUCHALTER, A PROFESSIONAL CORPORATION**
2   16435 North Scottsdale Road, Suite 440
    Scottsdale, AZ 85254-1754
3   Telephone: (480) 383-1800
    Fax: (480) 824-9400
4   Email:  ghotchkiss@buchalter.com

5   Attorneys for Plaintiff

6

7               IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8               IN AND FOR THE COUNTY OF MARICOPA

9   MOTIVATED MINDS, LLC, an Arizona          Case No.  CV2019-055061
    limited liability company,
10                                            **DEFAULT JUDGMENT**
11                  Plaintiff,
            v.
12
    M.O.B. SOCIAL CLUB, LLC, an Arizona
13  limited liability company; EL CENTRO
    GROUP, LLC, an Arizona limited liability
14  company; KENNETH HERRERA and JANE
    DOE HERRERA, husband and wife,
15
                    Defendants.
16

17          This matter having come before the Court on Plaintiff's Motion for Entry of

18  Default Judgment, and the Court having reviewed the pleadings of record and exhibits

19  submitted by Plaintiff in connection herewith, the Court finds that Defendants, M.O.B.

20  Social Club, LLC, an Arizona limited liability company; and El Centro Group, LLC, an

21  Arizona limited liability company ("Defendants"), were readily served with process and

22  failed to appear and answer Plaintiff's Complaint within the period prescribed by law, that

23  the Default of Defendants was duly entered by the Clerk of the Court, that Defendants are

24  neither an infant nor incompetent, that Plaintiff is entitled to the relief requested, and that

25  there is no just cause for delay in the entry of judgment;

26          Based upon the foregoing findings, and good cause appearing therefor:

-1-

M8481.0013 BN 40193369v1

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff have Judgment against Defendants M.O.B. Social Club, LLC, an Arizona limited liability company, and El Centro Group, LLC, an Arizona limited liability company, jointly and severally, under Plaintiff's Complaint and Application for Provisional Remedy of Replevin with Notice, for: (i) an Order of this Court that Plaintiff is entitled to immediate possession of Arizona Liquor License No. 06070281 (the "Liquor License") free of any right or claim of Defendants therein; that Plaintiff has complied with the provisions of A.R.S. § 12-2401(B); that the Maricopa County Sheriff shall take possession of and deliver to Plaintiff the Liquor License without notice, and that the Order to the Sheriff contain language permitting the Sheriff to forcibly enter any enclosed area, including breaking locks if necessary, in order to execute its order; and (ii) a judgment in Plaintiff's favor and against Defendants providing that Plaintiff is, and was at the time of the filing of this Complaint and Application, entitled to immediate possession of the Liquor License and that Plaintiff is further entitled to sell or otherwise dispose of the Liquor License and apply the proceeds of any such disposition to the indebtedness due and owing by Defendants to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff have Judgment against Defendants M.O.B. Social Club, LLC, an Arizona limited liability company, and El Centro Group, LLC, an Arizona limited liability company for Plaintiff's reasonable attorneys' fees in the sum of $3,060.00 and costs of suit incurred herein in the principal sum of $982.75, with interest thereon at the rate of 4.25% per annum (representing the current prime rate plus one percent), from the date of entry of Judgment until paid in full.

**IT IS FURTHER ORDERED** that upon application, Plaintiff is contractually and legally entitled to judgment against Defendants M.O.B. Social Club, LLC, an Arizona limited liability company, and El Centro Group, LLC, an Arizona limited liability

-2-

1   company, for all of Plaintiff's reasonable post-judgment costs.

2       **IT IS FURTHER ORDERED** that no further matters remain pending and this

3   Judgment is entered pursuant to Rule 54(c) of the Arizona Rules of Civil Procedure.

4       DONE IN OPEN COURT this _____ day of _____, 2020.

5

6    

7             Commissioner of the Maricopa County Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

M8481.0013 BN 40193369v1

# eSignature Page 1 of 1

Filing ID: 11687609   Case Number: CV2019-055061
Original Filing ID: 11671071

Granted as Submitted

 /S/ Gary Popham Date: 5/28/2020
Judicial Officer of Superior Court

ENDORSEMENT PAGE

CASE NUMBER: CV2019-055061                SIGNATURE DATE: 5/28/2020

E-FILING ID #: 11687609                   FILED DATE: 6/2/2020 8:00:00 AM

GLENN B HOTCHKISS

*Exhibit F*

**2020-005-8868-6**

**ARIZONA**
**SECRETARY OF STATE**
**08/06/20 18:37**
**F I L E D**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
CSC   1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscglobal.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

1953 75591
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Arizona
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME M.O.B. SOCIAL CLUB, LLC | | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS 40 N 1ST ST STE 300 | CITY PHOENIX | STATE AZ | POSTAL CODE 85004 | COUNTRY USA |
|---|---|---|---|---|

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME U.S. Small Business Administration | | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS 1545 Hawkins Blvd, Suite 202 | CITY El Paso | STATE TX | POSTAL CODE 79925 | COUNTRY USA |
|---|---|---|---|---|

4. COLLATERAL: This financing statement covers the following collateral:
All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto.

832978 8101

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|---|
| 6a. Check only if applicable and check only one box: | | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | | ☐ Agricultural Lien   ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer | | ☐ Bailee/Bailor   ☐ Licensee/Licensor | |
| 8. OPTIONAL FILER REFERENCE DATA: | | 1953 75591 | |

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

*Exhibit G*

# Buchalter

16435 North Scottsdale Road
Suite 440
Scottsdale, AZ 85254
480.383.1800 Phone
480.824.9400 Fax

File Number: M8481-0013
480.383.1817 Direct
ghotchkiss@buchalter.com

December 15, 2021

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Ms. Peggy Belinois Hamilton
General Counsel
Small Business Administration
Office of General Counsel
409 Third Street SW
Washington, DC  20416

  **Re:** **Demand for Removal of SBA Lien**

Dear Ms. Hamilton:

  This law firm represents Motivated Minds, LLC, an Arizona limited liability company ("Motivated Minds") in connection with its rights regarding Arizona liquor license no. 06070281 (the "License"). As explained herein, Motivated Minds received a beneficial security interest in the License to secure a loan it made to the license holder, M.O.B. Social Club, LLC ("M.O.B."), and later foreclosed on the License after M.O.B. defaulted on the loan. As more fully explained herein, Motivated Minds attempted to sell the License, but has been unable to do so due to a blanket lien asserted by the SBA on all of M.O.B.'s personal property. A copy of the SBA Lien as evidenced by a UCC-1 Financing Statement filed with the Arizona Secretary of State on August 6, 2020 is enclosed herein as Exhibit A.

  Motivated Minds' loan to M.O.B. is evidenced by a Secured Promissory Note dated March 29, 2018 enclosed herewith as Exhibit B. Motivated Minds' security interest in the License is pursuant to the Security Agreement dated March 29, 2018, a copy of which is enclosed herewith as Exhibit C. More specifically, in the Security Agreement, at Paragraph 3, M.O.B. granted to Motivated Minds "a continuing first lien security interest in Arizona liquor license no. 06070281." After the loan was made, Motivated Minds filed a Statement of Legal or Equitable Interest with the Arizona Department of Liquor Licenses and Control enclosed herewith as Exhibit D. In March 2019, after the Department indicated that it could not find Motivated Minds' filed Statement of Legal or Equitable Interest, Motivated Minds refiled the Statement on March 1, 2019. <u>See</u> Exhibit E enclosed herewith.

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

# Buchalter

Ms. Peggy Belinois Hamilton
December 15, 2021
Page 2

After M.O.B. defaulted on the loan, Motivated Minds brought suit against M.O.B. and others in that action styled <u>Motivated Minds, LLC v. M.O.B. Social Club, LLC, et al.</u>, Maricopa County Superior Court Case No. CV2019-055061 (the "Litigation"). The Litigation resulted in the entry of a Default Judgment in favor of Motivated Minds, which is enclosed herewith as Exhibit F. As reflected in the Default Judgment, the Court entered an order that Motivated Minds "is entitled to immediate possession of Arizona Liquor License No. 06070281" and that Motivated Minds "is, and was at the time of the filing of this Complaint and Application, entitled to immediate possession of the Liquor License and that Plaintiff has further entitled the Seller otherwise dispose of the Liquor License and apply the proceeds of any such disposition to the indebtedness due and owing by Defendants to Plaintiff." Accordingly, by virtue of the Default Judgment, Motivated Minds is the current owner of the License.

After entry of the Default Judgment, Motivated Minds retained Arizona Liquor Industry Consultants ("ALIC") to sell the License. Amy Nations of ALIC discovered the SBA Lien and has been trying for months to work with the SBA to remove the lien. Unfortunately, Ms. Nations has not made any progress despite dealing with numerous representatives of the SBA on this issue. Accordingly, Motivated Minds has asked me to deal directly with the SBA.

Demand is hereby made that the SBA release its lien by filing a UCC-3 Termination Statement with the Arizona Secretary of State's Office within thirty (30) days of the date of this letter. The basis for the demand is as follows. Motivated Minds' security interest attached to the license on March 29, 2018 pursuant to the Security Agreement. Motivated Minds' beneficial interest was recorded with the Arizona Department of Liquor Licenses and Control in March 2018 and rerecorded in March 2019. By contrast, the SBA lien was not filed with the Arizona Secretary of State's office until August 6, 2020. Accordingly, there is no dispute that Motivated Minds' Security Interest is senior in time to the SBA's lien.

Second, the SBA never filed a Statement of Legal or Equitable Interest with the Arizona Department of Liquor License and Control as is required to put the public at large on notice of the SBA's claimed lien against the License. Finally, the SBA's blanket lien does not reference the License, either generically or by License No., so it is ineffective to put the public at large on notice that the SBA is claiming a lien against the License. For all these reasons, the SBA lien was either ineffective, or at the very least, junior to Motivated Minds' security interest and current ownership interest in the License.

Accordingly, demand is hereby made that the SBA release its lien by filing a UCC-3 Termination Statement with the Arizona Secretary of State's Office within thirty (30) days of the date of this letter. Please be advised that time is of the essence because the presence of the SBA lien is preventing Motivated Minds from selling the License and applying the proceeds of the sale against the amounts due on its loan to M.O.B. Therefore, if this matter is not satisfactorily resolved

# Buchalter

Ms. Peggy Belinois Hamilton
December 15, 2021
Page 3

within thirty (30) days, Motivated Minds reserves the right to file suit to compel the release of the SBA lien without further notice.

Very truly yours,

BUCHALTER
A Professional Corporation

By

Glenn B. Hotchkiss

GBH: ccb

Enclosures